IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:18-cr-00155-JO |
| | ) | |
| v. | ) | |
| | ) | AMENDED OPINION |
| JOHNELL CLEVELAND, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Johnell Cleveland (Cleveland) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 45. Specifically, Cleveland requests that his sentence be reduced to time served and that he be immediately released to a residential reentry center or to home confinement. Cleveland asserts that his diabetes makes him vulnerable to the novel coronavirus pandemic. The government opposes his motion. For the reasons that follow, the Court GRANTS the motion.

## **BACKGROUND**

Cleveland pleaded guilty to Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substance (Cyclopropyl Fentanyl), in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C), and 846; Possession of Unregistered Firearm, in violation of 26 U.S.C § 5861(d); and two counts of Laundering Monetary Instruments, in violation of 18 U.S.C. § 1956. ECF No. 27. The Court sentenced Cleveland to a 57-month prison term with 3 years of

1    Amended Opinion and Order

supervised release. ECF No. 41. He is eligible for prerelease custody in the community in less than 8 months (March 2021) and his projected release date is March 25, 2022. On March 25, 2020, Cleveland submitted a formal request for compassionate release to the warden at FCI Sheridan and received a response 3 days later that the medical staff was not making decisions regarding incarceration or release. ECF No. 48, Ex. E.

On June 8, 2020, Cleveland filed this motion. In its response, the government conceded that Cleveland's medical condition provided exceptional and compelling reasons, but opposed the motion based on Cleveland being a danger to the community. Gov't Resp. 11 ECF No. 51. The government reported that the Multnomah County District Attorney's Office intends to charge Cleveland with attempted murder before the end of the year.[1] Based on that representation and the fact that no cases of the novel coronavirus had been detected at FCI Sheridan, the Court deferred ruling on Cleveland's motion. ECF No. 52. Less than a week later, the warden at FCI Sheridan announced a confirmed case of COVID-19 at the facility. Cleveland filed a Motion for Reconsideration of the Court's order deferring ruling on the Motion for Compassionate Release. ECF No. 53. In light of the confirmed COVID-19 diagnosis, the Court GRANTS Cleveland's Motion for Reconsideration (ECF No. 53) and now rules on the Motion for Compassionate Release. ECF No. 45.

## **LEGAL STANDARD**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in

---

[1] At the time of sentencing, Cleveland had a pending case in state court for attempted murder that occurred on December 23, 2017. The state dismissed the charge. According to Cleveland, the alleged victim of the shooting never identified Cleveland as the perpetrator and told a defense investigator that Cleveland was not the shooter.

2   Amended Opinion and Order

three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States

3    Amended Opinion and Order

Sentencing Guidelines (U.S.S.G.) § 1B1.13.[2] The Note[3] identifies extraordinary and compelling reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the

---

[2] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)) (quotation marked omitted). As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

[3] The portion of the FSA relevant to Littrell's petition defines "extraordinary and compelling reasons" as:

> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant.**—
>
> * * *
>
> (ii) The defendant is—
>
> (I)    suffering from a serious physical or medical condition
>
> (II)   Suffering from a serious functional or cognitive impairment, or
>
> (III)  Experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> * * *
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that "extraordinary and compelling" reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

The government notes that "by virtue of his diabetes diagnosis, [Cleveland] appears to have identified exceptional and compelling reasons for compassionate release."[4] Gov't Resp. 11. But the government argues that Cleveland should not be granted release because he has failed to prove he is not a danger to the safety of any other person or to the community as required by U.S.S.G. § 1B1.13(4). The factors the Court must assess to determine whether a person is a danger to the community include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's character, physical and mental condition, family ties, past conduct, history of substance abuse, criminal history, and whether, at the time of the offense, the

---

[4] In its response to Defendant's Motion to Reconsider Order Deferring Ruling on Motion for Compassionate Release, the government, without contradicting it's earlier concession, now states: "[Cleveland's] Type II diabetes is a recognized risk factor, but his hypertension falls under the "might" be a risk factor category; his asthma only meets a "might" risk factor if it is moderate to severe, which he has not proven." Gov't Resp. 4 ECF No. 55.

defendant was on supervision; and (4) the nature and seriousness of the danger to any person in the community posed by the defendant's release. 18 U.S.C. § 3142.

The Court acknowledges that the nature and circumstances of Cleveland's crimes were grave. Among other things, investigators seized over 1300 suspected oxycodone pills that subsequent testing revealed to be counterfeit pills made with a fentanyl analogue; more than $175,000; and 7 weapons, one of which was a fully-automatic pistol with drum magazine. At sentencing, the parties agreed to a total adjusted offense level of 23 and a criminal history category of II.

A review of Cleveland's criminal history shows that the only offenses that scored points toward his criminal history category were Possession of a Controlled Substance II and Driving Under the Influence of Intoxicants, which took place when he was 21 and 30 years old, respectively. Cleveland is now 39 years old and, as noted by his attorney at sentencing, "[h]is life has not been characterized by institutional imprisonment." Transcript of Sentencing Hr'g 4 ECF No. 51-1. He does not have a history of substance abuse; only occasionally consuming alcohol and marijuana. His employment history includes owning and operating a food cart and working in the music industry as a performer and producer and director of music videos. PSR 21-22 ECF No. 35.

At sentencing, Cleveland did not ask for mitigation for his sentence. He requested a low-end guideline range, taking responsibility for his actions and vowing to be the "best me I can possibly be when I get home." Transcript of Sentencing Hr'g 5. During his two years in prison, Cleveland has completed 6 anger management courses, a parenting class, a poetry class, 2 math classes, and 2 GED courses. He has exhausted the rehabilitative offerings at the prison. He is ready to take his GED exam but cannot due to the suspension of testing during the pandemic. After 27 months in prison, Cleveland has a clean disciplinary record.

It appears to the Court that this conviction and Cleveland's first experience with prison have had a profound effect on him. He took responsibility for his actions even before sentencing. And while in prison Cleveland has worked hard to acquire the skills needed to succeed once he is released. The Court finds that although the crimes Cleveland committed were serious, he is not a danger to the community based on his moderate criminal history, his lack of substance abuse issues, his ownership of his actions, and his efforts toward rehabilitation.

Thus, I GRANT Cleveland's Motion for Compassionate Release. An amended judgment will be entered reducing his sentence to time served effective August 4, 2020 to allow for 14-days to quarantine. In his motion for compassionate release, Cleveland requested the Court release him to home confinement at his mother's U.S. Probation Office-approved residence or to a residential reentry center. Because of the uncertainty regarding the possible state charge, Cleveland's conditions of supervised release will be amended to include placement for 6 months at a residential reentry center, followed by home detention until March 25, 2022. All other standard and special conditions will remain in force.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Cleveland's Motion to Reconsider Order Deferring Ruling on Motion for Compassionate Release. ECF No. 53. The Court also GRANTS Cleveland's Motion for Compassionate Release. ECF No. 45.

IT IS SO ORDERED.

Dated this 21st day of July 2020.

/s/ Robert E. Jones
Robert E. Jones
Senior United States District Judge